Concerned Citizens for the Improvement of Our Schools, by Daniel Fine and Andrew Tymoczko, Trustees ad Litem: Daniel Fine and Andrew Tymoczko, Plaintiffs v. Commonwealth of Pennsylvania, Department of Education and Honorable Caryl M. Kline, Secretary of Education, Defendants.

Argued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MACPHAIL did not participate.

*Jon Hogue,* with him *Thomas M. Kerr, Joseph L. Cosetti,* and *Kaufman & Harris,* for plaintiffs.

*Susan J. Forney,* Deputy Attorney General, for defendants.

OPINION BY JUDGE ROGERS, March 15, 1979:

The plaintiffs in this action sounding in mandamus and equity in our original jurisdiction have sued the Department of Education and the Secretary of Education asking us to enjoin both defendants from making a statutory subsidy payment to the New Kensington-Arnold School District and to order the defendant Secretary of Education to promulgate regulations concerning the proper use of the subsidy payment referred to and to make certain that the subsidy when paid to the New Kensington-Arnold School District shall be used in accordance with statutory requirements.

The defendants have filed preliminary objections in the nature of a demurrer and a question of jurisdiction. We do not reach the second preliminary injunction because the demurrer must be sustained.

With respect to the demurrer, we note that the subsidy referred to in the plaintiffs' complaint was provided by Section 13 of the Act of August 24, 1977, P.L. 199, 24 P.S. §25-2502.3, note, which reads as follows:

Section 13. The Department of Education shall make a one-time payment, in addition to

any other payments made under the provisions of the 'Public School Code of 1949,' to those school districts who do not receive a subsidy increase of at least 6% during the 1977-1978 school year over the payment the district received during the 1976-1977 school year under subsections (d), (e) and (f) of section 2502, and sections 2502.3, 2502.4 and 2592. The payment shall be in the amount necessary, as determined by the secretary, to provide that such school districts receive a 6% increase over payments received by the district during the 1976-1977 school year.

Section 15 of the same Act, 24 P.S. §25-2502.3, note, is as follows:

Section 15. It is the intent and purpose of the General Assembly that the funds which accrue to the school districts of the Commonwealth on account of the provisions of this act be expended only for the reduction of school taxes and the restoration of school district programs and activities reduced or eliminated as a result of the previously adopted 1977 or 1977-1978 budget of the district.

The plaintiffs would have us read into these provisions a duty on the part of the Secretary of Education, before her Department pays the subsidy, to somehow enforce the General Assembly's expressed intent and purpose that the payment be used by school districts only to reduce taxes and to restore earlier reduced or eliminated programs. Assuming that Section 15 requires that the subsidy in no event be used for other than the purposes mentioned by the General Assembly, we nevertheless find nothing in the statute suggesting that, as a precondition to the payment of the subsidy provided by Section 13, the Secretary of Education must take steps in some undescribed man-

286

ner to ensure that the districts do as they are required. We therefore sustain the demurrer.

Complaint dismissed.

### ORDER

AND Now, this 15th day of March, 1979, the defendants' preliminary objections are sustained and the plaintiffs' complaint in equity is dismissed without leave to amend because we believe that the plaintiffs cannot state a cause of action against the defendants.